UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RHONDA BLANTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 23-296-DCR |
| ) | |
| V. ) | |
| ) | |
| DEPARTMENT OF PUBLIC ) | **MEMORANDUM OPINION** |
| ADVOCACY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

*Pro se* plaintiff Rhonda Blanton filed a civil rights Complaint against the Kentucky Department of Public Advocacy ("DPA") on October 20, 2023. [Record No. 1] The Complaint asserts multiple causes of action arising under federal and state law. DPA moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Rather than submit a substantive response to DPA's motion, Blanton moved to amend her Complaint on January 2, 2024.[1] [Record No. 11] On January 23, 2024, DPA filed an objection to Blanton's Notice and Motion to Amend Complaint. In the alternative to the Court denying Blanton's Motion to Amend, DPA requested additional time to file a response to the Amended Complaint.[2]

---

[1] Blanton also moved the Court for permission to utilize the Court's electronic case filing system (ECF). [Record No. 12] Consistent with Joint General Order Number 21-1, this request will be denied.

[2] As a second alternative, DPA provided an Answer to the Amended Complaint.

Blanton's Amended Complaint was timely filed on January 2, 2024, rendering DPA's Motion to Dismiss moot. DPA's objection to the plaintiff's Motion to Amend will be overruled. The Court will provide DPA with additional time to file a response to the plaintiff's Amended Complaint.

## I.

DPA is a state agency situated under the Commonwealth of Kentucky's Executive Branch. Plaintiff Rhonda Blanton has at all relevant times been employed as a legal secretary with DPA's Somerset Trial Office. Blanton's Amended Complaint alleges that, since 2020, DPA has been discriminating against her on the basis of her religion and disability, has created a hostile work environment, and has retaliated against her for raising these concerns to management. The Amended Complaint expressly invokes Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Family and Medical Leave Act of 1993. It also indirectly implicates the Kentucky Civil Rights Act and raises state law claims of defamation and intentional infliction of emotional distress. [Record No. 1]

## II.

Blanton moved to amend her Complaint on January 2, 2024, which was also the last day to enter a response to DPA's Motion to Dismiss. [Record No. 11] DPA has since objected to Blanton's Motion to Amend and asserts that leave of the Court is required, pursuant to Kentucky Rule of Civil Procedure 15.01. [Record No. 13] But Kentucky's civil rules are irrelevant. Under Federal Rule of Civil Procedure 15(a)(1):

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

DPA filed its Motion to Dismiss on December 6, 2023, and mailed copies of the motion to Blanton the same day. [Record No. 9] Under Federal Rule of Civil Procedure 5(b)(2)(C), service may be made by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" But when service is made pursuant to Rule 5(b)(2)(C), "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 6(a) provides that when computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Consistent with Rules 6(a) and (d), Blanton had until December 30, 2023, to amend her complaint as a matter of right. Because that date fell on a Saturday and the following Monday was a federal holiday, Blanton had until January 2, 2024. And because the Court received Blanton's Amended Complaint on January 2, 2024, leave of the Court was not required. Accordingly, Blanton's Amended Complaint was properly received, and it had the effect of rendering moot DPA's motion to dismiss.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant DPA's Motion to Dismiss [Record No. 9] is **DENIED**, as moot.

2. Plaintiff Blanton's Motion to Amend Complaint [Record No. 11] is **DENIED**, as unnecessary. Blanton's Amended Complaint, docketed as an attachment [Record No. 11-1], was properly received on January 2, 2023, pursuant to Rule 15(a)(1)(B).

3. Plaintiff Blanton's Motion for Access to CM/ECF [Record No. 12] is **DENIED**.

4. Defendant DPA's Objection [Record No. 13] is **OVERRULED**.

5. Defendant DPA is **DIRECTED** to file an Answer or otherwise respond to the Amended Complaint [Record No. 11-1] **on or before Monday, February 12, 2024**.

Dated: January 25, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky