UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RHONDA BLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-296-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DEPARTMENT OF PUBLIC ADVOCACY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Rhonda Blanton filed a civil rights Complaint against the Kentucky Department of Public Advocacy ("DPA") on October 20, 2023, and an Amended Complaint on January 1, 2024. [Record Nos. 1, 11] The Amended Complaint includes several causes of action based on federal and state law. DPA has moved to dismiss the matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 18] DPA's Motion to Dismiss will be granted pursuant to Rule 12(b)(1) because Blanton has failed to rebut DPA's challenge to this Court's subject matter jurisdiction.

**I.**

DPA is a state agency situated under the Commonwealth of Kentucky's Executive Branch. At times relevant to this action, Plaintiff Rhonda Blanton was employed as a legal secretary with DPA's Somerset Trial Office. Blanton's Amended Complaint alleges that, since 2020, DPA has discriminated against her because of her religion and disability and also has retaliated against her for raising these concerns. The Amended Complaint expressly invokes

Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Family and Medical Leave Act of 1993 ("FMLA"). It also indirectly implicates the Kentucky Civil Rights Act ("KCRA") and raises state law claims of defamation and intentional infliction of emotional distress. [Record No. 1]

## II.

Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. *See Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *Gentek Bldg. Prods.*, 491 F.3d at 330 ("A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading."). When the motion presents a facial attack, the Court accepts the material allegations in the Complaint as true and construes them in the light most favorable to the plaintiff, similar to the standard under Rule 12(b)(6). *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### A.

DPA seeks to invoke the Eleventh Amendment as a bar to *all* of Blanton's claims. [Record No. 18, p. 12] The United States Court of Appeals for the Sixth Circuit has held that "rather than an affirmative defense, the Eleventh Amendment is a true jurisdictional bar . . . and once raised as a jurisdictional defect, must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). "When the defendant challenges the existence of subject-matter jurisdiction, the plaintiff bears the burden of establishing that

jurisdiction exists." *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011) (citing *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir.2003)).

**B.**

Blanton's 3-page opposition to DPA's 28-page motion to dismiss is effectively devoid of any substantive or meaningful rebuttal. Unlike the Amended Complaint, which was filed when Blanton was proceeding *pro se*, Blanton's response to DPA's motion was submitted by counsel. [Record No. 20] For all practical purposes, the rebuttal amounts to one paragraph reiterating the pleading standard followed by a contention that the Amended Complaint and claims therein, "clearly meet" the requirements of Rule 8.

But by raising sovereign immunity and challenging the existence of subject matter jurisdiction, it became Blanton's burden to prove that jurisdiction exists. Blanton's response fails to even acknowledge DPA's case-ending assertion. But for her case to proceed, remaining silent is not an option.

Having failed to carry her burden, DPA justifiably seeks an unopposed dismissal of the case. *See Scott v. Tennessee*, 878 F.2d 382, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). In addition to ending this case at the district court level, the decision not to rebut the jurisdictional challenge all but forecloses the possibility of appeal. *See Heyward v. Cooper*, 88 F.4th 648, 654 (6th Cir. 2023) (quoting *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008)) ("[A] plaintiff forfeits appellate review of arguments not raised 'in the district court by virtue of his failure to oppose defendants' motions to dismiss.'"). *But see Swanigan v. FCA US LLC*, 938

F.3d 779, 787 (6th Cir. 2019) ("In rare circumstances we may consider forfeited issues on appeal for sufficiently compelling reasons.").

### III.

Based upon the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Defendant Department of Public Advocacy's Motion to Dismiss [Record No. 18] is **GRANTED**, without prejudice, for lack of subject matter jurisdiction.

2. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: April 23, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky